IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HARMS FARMS TRUCKING, INC., a Nebraska corporation;<br><br>**Plaintiff,**<br><br>vs.<br><br>TYLER ADAMS, an individual; GUPREET KAUR, an individual; NATNAEL BERAKI, an individual; NEW PRIME, INC., a Missouri Corporation; NNE LOGISTICS, INC., a Georgia limited liability company; and BVD EQUIPMENT FINANCE, INC., a Canadian corporation;<br><br>**Defendants.** | 4:24CV3083<br><br>ORDER |

Plaintiff filed a Complaint against the above-captioned defendants on May 3, 2024. (Filing No. 1). On May 22, 2024, Plaintiff filed a summons return purporting to show defendant Natnael Beraki was served on May 21, 2024. (Filing No. 14). On May 28, Plaintiff filed a summons return purporting to show defendant NNE Logistics, Inc. was served on May 22, 2024. (Filing No. 15). Plaintiff obtained a waiver of service for defendant New Prime, Inc., (Filing No. 13), and on July 26, 2024, the defendants New Prime, Inc., and Tyler Adams filed an answer to the complaint. (Filing No. 16). Plaintiff has not filed anything regarding service upon defendants Gupreet Kaur or BVD Equipment Finance, Inc.

More than 90-days has elapsed since Plaintiff filed the complaint. Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The requirements of Rule 4(m), however, "do[ ] not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)." See *id*. Nevertheless, even under Rule 4(m)'s exception, "a plaintiff does not have unlimited time to serve a defendant in a foreign country." *Moskovits v. Fed. Republic of Brazil*, No. 21-CV-4309 (ER), 2024 WL 3299802, at *2 (S.D.N.Y. June 4, 2024) (citing *In re Bozel S.A.*, No. 16 Civ. 3739 (ALC), 2017 WL 3175606, at *3 (S.D.N.Y. July 25, 2017)).

Plaintiff has a duty to both serve all defendants and to prosecute the case. See NECivR 41.2. ("At any time, after appropriate notice, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution."); Fed. R. Civ. P. 4(m). Plaintiff requested summons for defendants, Gupreet Kaur and BVD Equipment Finance, Inc., at addresses in Ontario, Canada, and thus the 90-day time limit under Rule 4(m) does not apply to service of those defendants. However, given that to date only two defendants have filed answers and the other defendants have either not been served or have been purportedly served but failed to appear in this case, the Court will require Plaintiff to file a status report regarding the status of service, intent to prosecute this action, or take other appropriate action. Accordingly,

**IT IS ORDERED**: On or before **August 23, 2024**, Plaintiff shall file a report regarding the status of service, intent to prosecute this action, or take other appropriate action.

Dated this 2nd day of August, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge